UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 AUG 10 PM 3:33

| | | |
|---|---|---|
| ABBOTT AMUSEMENT CO., INC., et al., | ] ] ] | |
| Plaintiff(s), | ] ] | |
| vs. | ] | CV-01-N-1775-S |
| JOHN MARK TIREY, Sheriff of Walker County, Alabama, et al., | ] ] ] ] | |
| Defendant(s). | ] | |

ENTERED
AUG 10 2001

OPINION

This cause is before the court after hearing on the plaintiffs' motions for preliminary injunction (Doc. 2, 17) and defendants' motions to dismiss (Doc. 8, 12).

The plaintiffs in this action are owners of video amusement machines which they claim are exempt, pursuant to Alabama Code § 13A-12-76, from the provisions of Alabama law prohibiting gambling devices. It has come to their attention through various means, including media coverage and direct communications from the sheriffs of their counties, that similar machines have been receiving varying treatments in the state courts; some courts are finding the machines qualify as exempt "bona-fide amusement machines" under § 13A-12-76 while other courts are finding the machines are not exempt. They seek, *inter alia*, an injunction prohibiting the defendant sheriffs from confiscating their machines until a final determination is made in the state courts regarding the status of the machines. The plaintiffs have not alleged the defendants will proceed without a duly issued search warrant, and the defendants have represented in open court that they will not attempt to confiscate

the machines in question without appropriate criminal process.

This court finds the present action legally indistinguishable from cases pending before the Hon. H. Dean Buttram, Jr., CV-01-BU-1699-S (N.D. Ala.), and the Hon. Ira De Ment, CV-01-D-0914-N (M.D. Ala.). For the reasons set forth in the decisions entered in those cases, this court finds the motions for preliminary injunction must be denied.

Furthermore, the court finds the motions to dismiss are due to be granted for the same reasons articulated in the orders of the other courts. The factual allegations of the complaint do not establish a cognizable constitutional violation. Accordingly, the motion to dismiss filed by defendants John Mark Tirey, Terry Surles, and James Hayes will be granted. Defendant Edmund M. Sexton moved for dismissal on the limited issue of qualified immunity. However, the plaintiffs' allegations are identical as to all the defendants and the claims against Sheriff Sexton are also due to be dismissed.

A separate order will be entered.

Done, this 10th of August, 2001.

                                              Edwin L. Nelson
                                      United States District Court